IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ras N. A. Khafre, #107049, a/k/a Ras Njonjo Afi Khafre, I, ) | C/A No. 0:08-3821-GRA-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Samuel B. Glover, Director; Gwendolyn Bright, Director; in their individual and official capacity, ) | |
| Defendants. ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment (Docket Entry 27), the defendants' motion to stay discovery (Docket Entry 37), and plaintiff's cross motion for summary judgment and motion to compel (Docket Entry 39). The plaintiff, Ras N. A. Khafre[1] ("Khafre"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights.

The defendants have moved for summary judgment. (Docket Entry 27.) By order of this court filed January 16, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Khafre was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 33.) Khafre filed a cross motion for summary judgment on February 2, 2009. (Docket Entry 39.) These motions are now before the court for a Report and Recommendation.

---

[1] It appears that Khafre was formerly known as Ossie Lee Brown, as shown in the indictment on his state charges. (Docket Entry 27-3.)

Page 1 of 11

**FACTUAL BACKGROUND**

The following facts appear to be undisputed.[2] On December 22, 1980, Khafre and a co-defendant, Woodrow Brown, entered a liquor store in Florence, South Carolina armed with a gun and demanded money from the store clerk. The clerk was shot and ultimately died as a result. On July 30, 1981, Khafre was indicted for conspiracy to commit armed robbery, attempted armed robbery, and murder. Khafre was convicted of these crimes and sentenced to five years' imprisonment for conspiracy to commit armed robbery, twenty years' imprisonment for attempted armed robbery, and imprisonment for life for murder. The judge ordered that these sentences were to be served consecutively.

At the time Khafre committed these offenses, South Carolina law allowed a person serving a life sentence for murder to be eligible for parole upon the service of twenty years. Khafre initially appeared before the South Carolina Board of Paroles and Pardons ("Board") on March 17, 1999. At the conclusion of this hearing, the Board denied parole. Since that time, Khafre has appeared before the Board on at least seven occasions. The most recent appearance, according to the parties, occurred on February 6, 2008.[3] At that time, the Board denied parole due to: (1) the nature and seriousness of current offense; (2) the indication of violence in this or a previous offense; (3) the use of a deadly weapon in this or a previous offense; and (4) the finding that his prior criminal record indicates poor community adjustment. (Docket Entry 27-5.)

---

[2] The defendants' motion for summary judgment also includes some facts that are either disputed or are not supported by affidavits or other evidence. However, these facts are not material to the legal issue presented and therefore do not affect the court's recommendation to grant the defendants' motion for summary judgment.

[3] The parties indicate that Khafre's next scheduled hearing before the Board was February 6, 2009. (Docket Entry 27-2 at 2 n.1; Docket Entry 39 at 2.) Therefore, assuming that hearing occurred, Khafre has appeared before the Board on eight occasions since his initial denial of parole.

Khafre filed this action asserting that the defendants violated his Eighth and Fourteenth Amendment rights and also violated a state created liberty interest when the defendants changed his parole review from annual to biannual in 2001 and 2007. Khafre seeks monetary damages and immediate release—or the award of parole—for these alleged constitutional violations. (Compl., Docket Entry 1 at 5.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while

the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

B.     Motions for Summary Judgment

   1.     *Ex Post Facto* Allegations

Khafre claims that being denied parole hearings in 2001 and 2007 violated his constitutional rights. However, contrary to a letter from the South Carolina Department of Probation, Parole and Pardon Services ("Department") which states that, according to their records, Khafre's parole should be considered on an annual basis, Khafre is not *entitled* to annual parole review.

At the time that Khafre committed the offenses for which he was convicted, no law existed concerning the frequency of parole hearings. However, Department policy provided that any inmate serving a sentence of thirty years or more must undergo a two-year waiting period after being denied parole before he could reappear before the Board. In 1981, the South Carolina General Assembly enacted a law stating that parole review shall commence after a prisoner has served one-fourth of his sentence, and, if parole is denied, then the prisoner's case shall be reviewed every twelve months thereafter. S.C. Code Ann. § 24-21-620 (Supp. 1981). In 1986, the South Carolina General Assembly enacted the Omnibus Crime Act, which stated that after an initial denial of parole, those convicted of violent crimes will be reconsidered for parole every two years. S.C. Code Ann. § 24-21-645 (Supp. 1998). The term "violent crimes" is defined to include murder, armed robbery, and attempted armed robbery. See S.C. Code Ann. § 16-1-60.

The law existing at the time of the offense—not at the time of sentencing—determines whether an increase of punishment or reduction of benefits constitutes an *ex post facto* violation. See Weaver v. Graham, 450 U.S. 24, 28 (1981) (stating that the *ex post facto* prohibition "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred"). Therefore, the law existing in 1980, when Khafre committed the offenses, is the relevant law for considering whether an *ex post facto* violation has occurred. "The *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver, 450 U.S. at 28 (quoting Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1866)). At the time Khafre committed the offenses, Department policy established biannual parole reviews for persons serving sentences of thirty years or more. The law as it currently exists requires biannual reviews for Khafre because at least one of his convictions qualifies as a "violent crime." S.C. Code Ann. § 24-21-645. Accordingly, there is no *ex post facto* violation, as the change in the law has neither changed the definition of Khafre's crimes nor increased his punishment. See James v. S.C. Dep't of Prob., Parole & Pardon Servs., 656 S.E.2d 399, 403 (S.C. Ct. App. 2008) (rejecting a claim similar to this case and holding that "because [the prisoner] remains subject to biannual parole reviews, as was the law in 1978, there is no *ex post facto* violation in this case").

Even if Khafre was initially entitled to annual parole hearings, the application of S.C. Code Ann. § 24-21-645, changing his review from annual to biannual review, does not constitute an *ex post facto* violation under federal law. See Roller v. Gunn, 107 F.3d 227 (4th Cir. 1997); see also California Dep't of Corr. v. Morales, 514 U.S. 499 (1995) (holding that the retroactive application

of a California statute which changed the frequency of parole hearings for multiple murderers from every year to once every three years did not violate the *Ex Post Facto* Clause).

### 2. Due Process

To the extent that Khafre alleges a due process violation in his Complaint, this claim is without merit. To prevail on a procedural due process claim, a plaintiff must first demonstrate he was deprived of a protected liberty or property interest. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). The Constitution of the United States does not created a protected liberty interest in the expectation of early release on parole. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Further, there is no state created liberty interest in the *decision* to grant or deny parole. See Sullivan v. S.C. Dep't of Corr., 586 S.E.2d 124, 127 n.4 (S.C. 2003); James v. S.C. Dep't of Prob., Parole & Pardon Servs., 660 S.E.2d 288, 290 (S.C. Ct. App. 2008). Therefore, Khafre may not assert a due process claim under § 1983 challenging the denial of parole.[4]

### 3. Equal Protection Clause

A plaintiff alleging a violation of the Equal Protection Clause of the Fourteenth Amendment "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Once that is established, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id.

---

[4]A prisoner may assert a due process claim challenging the policies and procedures applicable in a parole review, as that claim would not necessarily entail speedier release; rather, it would warrant at most new eligibility review. Wilkinson v. Dotson, 544 U.S. 74 (2005). However, there is no indication that Khafre is asserting such a claim in this matter.

Khafre appears to argue that the defendants violated his right to equal protection by granting his co-defendant parole in 2001, the year in which Khafre did not have a parole hearing, and in failing to grant Khafre parole. Khafre alleges that if he had received a parole hearing in 2001, there is "a strong possibility" that he would have been granted parole. (Compl., Docket Entry 1 at 4.) As an initial matter, Khafre has failed present any evidence from which a reasonable fact finder could conclude that his co-defendant is in fact similarly situated. However, even if he had demonstrated that he is similarly situated to his co-defendant, this claim still fails.

Because "[p]risoners are not a suspect class," and "[t]he status of incarceration is neither an immutable characteristic, nor an invidious basis of classification," the Equal Protection Clause's requisite level of scrutiny requires only that the state provide a "rational basis" for treating Khafre differently from other parole-eligible prisoners. Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) (internal citations omitted); see also Willis v. Town of Marshall, 426 F.3d 251, 263 (4th Cir. 2005) (stating that a violation of the Equal Protection Clause of the Fourteenth Amendment may be recognized "'where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment'") (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). The decision whether to award parole is within the discretion of the Board following application and consideration of specific criteria as it applies to that prisoner. For example, the Board must consider the prisoner's records before, during, and after imprisonment; whether "the prisoner has shown a disposition to reform"; and whether "in the future he will probably obey the law and lead a correct life." S.C. Code Ann. § 24-21-640. This discretion and consideration of each prisoner's unique records inherently results in some prisoners receiving parole while others do not. In this case, based on the evidence before the court, Khafre was denied parole in 2008 due to the following reasons: (1) the nature and seriousness

of current offense; (2) the indication of violence in this or a previous offense; (3) the use of a deadly weapon in this or a previous offense; and (4) the finding that his prior criminal record indicates poor community adjustment. (Docket Entry 27-5.)

Thus, even viewing the evidence in the light most favorable to Khafre, the evidence indicates a rational basis for denying Khafre parole in 2008.[5] Accordingly, Khafre has failed present any evidence from which a reasonable jury could find that an equal protection violation occurred.

### 4. Eighth Amendment

Khafre alleges that he is "being subjected to mental anguish and cruel and unusual punishment because of the blatant discrimination and illegal confindment [sic] that he is presently being subjected to." (Compl., Docket Entry 1 at 4.) The Eighth Amendment to the United States Constitution expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. However, Khafre has failed to provide any factual allegations tending to support this bare assertion.

To the extent that Khafre is arguing that biannual parole reviews constitute cruel and unusual punishment, this argument fails. Even if the frequency of parole hearing were to be considered a "punishment," Khafra cannot prevail on this claim. At the time Khafre committed the crimes for which he was convicted, the policy provided for biannual review. The law currently provides for biannual review, and therefore, Khafre's sentence has not changed.[6] Khafre has not shown that

---

[5] Moreover, the court notes that Khafre has been denied parole on no less than six occasions since 2001. Therefore, any argument by Khafre that he would have been granted parole if a hearing had been held in 2001 is gross speculation.

[6] Attached to Khafre's Complaint is a letter dated August 5, 2002 from the Department's legal counsel stating that the Department's records indicate that Khafre "should be heard on an annual basis." However, Khafre is not legally entitled to annual review, see supra Discussion B.1., and therefore, any reliance by Khafre on this letter does not support a claim for cruel and unusual punishment.

biannual reviews do not comport with the currently prevailing standards of decency. See Atkins v. Virginia, 536 U.S. 304 (2002) (stating that the Eighth Amendment prohibits excessive punishments which are judged by the currently prevailing standards of decency); cf. Roller v. Gunn, 107 F.3d 227 (4th Cir. 1997) (upholding the application of S.C. Code Ann. § 24-21-645 which provides for biannual parole reviews for prisoners convicted of violent crimes). Accordingly, Khafre has failed present any evidence from which a reasonable fact finder could determine that biannual parole review is cruel and unusual punishment.

### 5. Declaratory Judgment

In Khafre's Complaint, he also seeks relief in the form of a court order authorizing his release from prison, or, in the alternative, for the court to order the defendants to grant his parole at his next parole hearing. It is well settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, to the extent that Khafre is challenging the fact or duration of his confinement, this claim should be dismissed.

### C.     Plaintiff's Motion to Compel

Based on the filings with the court, it appears that Khafre has submitted a request for the production of documents seeking information pertaining to the Board's decision to grant parole to his co-defendant and the decision to deny him annual parole review in 2001 and 2007. (See Def.'s Mem. in Supp. of Summ. J., Docket Entry 27-2 at 9; Pl.'s Mot. to Compel, Docket Entry 39-2 at 6.) Khafre has failed to show that the information pertaining to the Board's decision to grant parole to his co-defendant would assist him in any way in the prosecution of his claims. As discussed above, even if under an equal protection analysis Khafre were to demonstrate that the Board has engaged in disparate treatment of him compared to his co-defendant, the Board has articulated a rational basis

for denying Khafre parole. Moreover, because Khafre is not legally entitled to annual parole review as a matter of law, documents pertaining to the Board's decision to deny him annual parole review in 2001 and 2007 will not assist Khafre in this case. Accordingly, Khafre's motion to compel should be denied.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 27) be granted and the plaintiff's motion for summary judgment (Docket Entry 39) be denied. The court further recommends that the defendants' motion to stay discovery (Docket Entry 37) be terminated as moot and the plaintiff's motion to compel (Docket Entry 39) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 2, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).